IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-06960(ESL) |
| ANTONIO LUIS RIVERA GUZMAN | CHAPTER 11 |
| Debtor | FILED & ENTERED ON 07/14/2014 |

OPINION AND ORDER

This case is before the court upon the *Joint Motion for Modification of the Automatic Stay* (the "*Joint Motion*") filed by the Debtor and creditor Sandra Viscal Rodriguez (Docket No. 117), his ex-wife, requesting the modification of the automatic stay so that a pending liquidation proceeding of their post-marital community property[1] may continue before the Puerto Rico Court of First Instance, Superior Court of San Juan (the "PR Court of First Instance"). Also before the court are two oppositions filed by creditors (Docket Nos. 123 and 124) sustaining that the post-marital community may only be liquidated before this court. For the reasons stated herein, the *Joint Motion* is hereby granted in part and denied in part.

Factual and Procedural Background

1. In 2012, prior to filing the instant bankruptcy petition, the Debtor and his ex-spouse, creditor Viscal Rodriguez, were engaged in litigation to liquidate their post-marital community at the PR Court of First Instance, Case No. K AC 2012-1222. See Docket No. 117, p. 1, ¶ 2.

2. On August 27, 2013, the Debtor filed a voluntary Chapter 11 bankruptcy petition along with the corresponding schedules (Docket No. 1).

3. On March 6, 2014, creditor Viscal Rodriguez and the Debtor filed a *Joint Motion* (Docket No. 117) averring that there is a pending but stayed liquidation proceeding of their post-marital community before the PR Court of First Instance and requesting this court to

---

[1]In the Spanish version of the Opinion in <u>Rosselló Puig v. Rodríguez Cruz</u>, 183 D.P.R. 81, 94 (2011), the Supreme Court of Puerto Rico denominated the post-marital community as "comunidad posganancial". No official translation of that opinion has been issued as of the date of the instant one was entered.

-1-

modify the automatic stay so that the PR Court of First Instance may ultimately adjudicate such liquidation.

4.      On March 24, 2014, creditor Rina Biaggi Esq. filed an *Opposition to Motion Requesting Amendment of Stay Order* (Docket No. 123) arguing that this court had exclusive jurisdiction to liquidate the post-marital community property.  She also sustains that her interest in the post-marital community liquidation may be impaired if the PR Court of First Instance allows a transfer of such property for little or no consideration.

5.      On March 25, 2014, creditor Gotay & Pérez, P.S.C. ("GP") filed a *Joinder in Opposition to Motion Requesting Amendment to Stay Order* (Docket No. 124) adopting the motion filed by Ms. Biaggi and sustaining that the Debtor and creditor Viscal Rodriguez cannot distribute their post-marital community property outside of the instant bankruptcy case.  See Docket No. 124, p. 2, ¶ 4.

6.      On April 2, 2014, the Debtor filed a *Response to Opposition to Joint Motion [...]* (Docket No. 127) informing that he had no objection to have the Bankruptcy Court liquidate the post-marital community or to modify the automatic stay so that the PR Court of First Instance may make continue with the liquidation proceedings.  See Docket No. 127, p. 2.

7.      On April 8, 2014, Ms. Biaggi filed a *Motion Requesting Order Denying Modification of Automatic Stay* (Docket No. 130) sustaining that since the Debtor had not opposed to have the Bankruptcy Court liquidate the post-marital community and no further replies had been filed, this court should deny the *Joint Motion* (Docket No. 117).

8.      On April 11, 2014, creditor Viscal Rodriguez filed a *Response to the Opposition for Joint Motion for Modification of Stay* (Docket No. 131) requesting this court to exercise its discretion to abstain so that the PR Court of First Instance may continue with the liquidation proceedings.

9.      On April 15, 2014, Ms. Biaggi filed a *Sur Reply to Sandra Viscal Rodriguez' [sic] Response to the Opposition for Joint Motion for Modification of Stay* (the "*Sur Reply*", Docket No. 135) opposing to the abstention sought by creditor Viscal Rodriguez.

<u>Jurisdiction</u>

The court has jurisdiction over this contested matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

<u>Legal Analysis and Discussion</u>

*(A)    Abstention*

The parties agree that mandatory abstention is inapplicable in this case. <u>See</u> Docket Nos. 131, p. 2, and 135. p.3. Creditor Viscal Rodriguez's *Response to the Opposition for Joint Motion for Modification of Stay* (Docket No. 131) moves for "discretionary abstention in the interest of justice, comity or respect for state law" under 28 U.S.C. § 1334(c) (Docket No.131, p. 2, ¶ 5.

LBR 4001-1 states that a "motion for relief from stay shall not be combined with a request for any other type of relief unless so authorized by the court, except that the movant may request adequate protection as alternative relief." Creditor Viscal Rodriguez's seeks discretionary abstention through a related motion seeking relief from the automatic stay, which does not comply with LBR 4001-1. Hence, the court will not consider such abstention arguments.

*(B)    Fed. R. Bank. P. 4001(d)*

The *Joint Motion* constitutes an agreement between the Debtor and creditor Viscal Rodriguez for relief from the automatic stay. As such, it will be considered under Fed. R. Bank. P. 4001(d).

"This rule is designed to allow a third party to object to an agreement between the debtor and a creditor as to relief from the stay." <u>In re Vital Breathing Products, Inc.</u>, 98 B.R. 97, 99 (Bankr. N.D. Ga. 1988). Service of the *Joint Motion* was made pursuant to Fed. R. Bank. P. 4001(d)(C) and all interested parties were afforded sufficient time to object. <u>See</u> Docket No. 118. The court will now proceed to determine if the stay can be modified to allow the PR Court of First Instance continue with the post-marital community liquidation process and, if so, if there is cause to lift the stay.

*(C)      The Bankruptcy Estate's Share in the Post-Marital Community Property*

Subject to the debtor's right to claim certain property as exempt under 11 U.S.C. § 522, when a debtor files for bankruptcy "all [of his/her/its] legal and equitable interests ... in property as of the commencement of the case" become part of the bankruptcy estate "wherever located and by whomever held".  11 U.S.C. § 541(a)(1).  Section 541(a)(2)(B) of the Bankruptcy Code provides that the bankruptcy estate also comprises "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is … liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable."  11 U.S.C. § 541(a)(2)(B).  The term "spouse" used in Section 541(a)(2) includes a former spouse when the ex-spouses have not partitioned the property of their former conjugal community, even if the conjugal community was terminated pre-petition.  See In re Santiago Vélez v. Pérez León (In re Pérez León), 2013 Bankr. LEXIS 3859 at **9-10, 2013 WL 5232331 at *3 (Bankr. D.P.R. 2013); In re Brassett, 332 B.R. 748, 754 (Bankr. M.D. La. 2005); In re Robertson, 203 F.3d 855, 861 (5th Cir. 2000) ("[c]ourts addressing the issue have held that community property which has not been legally divided as of the commencement of the bankruptcy case passes to the debtor's estate"); In re Hendrick, 45 B.R. 976, 983-984 (Bankr. M.D. La. 1985)[2].  The Supreme Court of Puerto Rico has also recognized that all the assets that belong to post-marital communities are part of the bankruptcy estate until such community is liquidated.  See Campolieto v. Anaya, 142 D.P.R. 582, 593 (1997).

Property rights in bankruptcy are created, defined and determined by state law.  See Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 451 (2007), quoting Butner v. United States, 440 U.S. 48, 55 (1979).

---

[2] These cases are from Louisiana, which has a Civil Code similar to Puerto Rico's.  Compare Louisiana's conjugal community property regime and its termination and partition as discussed in In re Brassett, 332 B.R. at 754-755, with the pertinent articles of the Civil Code of Puerto Rico.  See In re Pérez León, 2013 Bankr. LEXIS 3859, f. 5 at *10, 2013 WL 5232331, fn. 5 at *3.

"In Puerto Rico, upon marriage, a new entity is created, which commences on the day of marriage and will own property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only; that obtained by the industry, salaries, or work of the spouses or of either of them; the fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses." In re Padilla, 2011 Bankr. LEXIS 4662 at **10-11, 2011 WL 5911243 at *4 (Bankr. D.P.R. 2011), citing Articles 1296 and 1401 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 3622 and 3641, and Fernández-Cerra v. Commercial Insurance Co. of Newark, 344 F. Supp. 314, 316 (D.P.R. 1972).    The Civil Code of Puerto Rico denominates this new entity as the "conjugal partnership".  See Articles 1295-1315 of the Civil Code, 31 L.P.R.A. §§ 3621-3681; F.D.I.C. v. Martínez Almodóvar, 671 F. Supp. 851, 873 (D.P.R. 1987) ("Under the law of Puerto Rico, a conjugal partnership is established by the act of marriage.")  "By virtue of the conjugal partnership the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage."  Article 1295 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3621.  Such conjugal partnership is "dissolved" only by death or a final judicial decree terminating it or nullifying it on the grounds provided in the Civil Code of Puerto Rico.  Article 1315 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3681.  Only then can either spouse --or the heirs of a deceased one-- claim his/her/their half in said partnership pursuant to Articles 1295 and 1315 of the Civil Code of Puerto Rico Civil, 31 L.P.R.A. §§ 3621 and 3681.  Similarly, Article 105 of the Civil Code of Puerto Rico states that a "divorce carries with it a complete dissolution of all matrimonial ties, and the division of all property and effects between the parties to the marriage."  31 L.P.R.A. § 381.  Also see In re Pérez León, 2013 Bankr. LEXIS 3859 at **16-18, 2013 WL 5232331 at *6.

"Once the marital community [conjugal partnership] has ceased to exist, its members share an **ordinary community**.  Even if the property remains undivided for a long time, it

-5-

would in any case be property in the process of liquidation. This new community is no longer governed by the norms of the marital community [conjugal partnership] that up until then were applicable to the assets of the spouses." García González v. Montero Saldaña, 7 P.R. Off. Trans. 353, 363-364, 107 D.P.R. 301, 331-332 (1978) (emphasis added), citing PuigBrutau, Fundamentos de Derecho Civil, Tomo 4, Vol. 1 (1967), p. 784. Also see Serrano Geyls, Derecho de Familia de Puerto Rico y Legislación Comparada, Vol. 1, Interamerican University School of Law, 2007 ed., p. 457; Rosselló Puig v. Rodríguez Cruz, 183 D.P.R. at 94 (distinguishing the conjugal partnership the from the "post-marital community"); In re Pérez León, 2013 Bankr. LEXIS 3859 at *18, 2013 WL 5232331 at *6. Furthermore, in Calvo Mangas v. Aragonés Jiménez, 15 P.R. Off. Trans. 294, 307, 115 D.P.R. 219, 228 (1984), the Supreme Court of Puerto Rico ruled as follows:

> According to arts. 105 and 1315 of the Civil Code, 31 L.P.R.A. §§ 381 and 3681, it is clear that once a marriage is dissolved by a divorce judgment, the marital community terminates. González López v. Méndez García, 102 D.P.R. 383, 395 (1975); Vega v. Tossas, 70 D.P.R. 368, 372 (1949). When said marital community comes to an end, the property is owned in common by the ex-spouses. In absence of contracts or special provisions, this concept shall be governed by the provisions to such effects contained in arts. 326-340 of the Civil Code, 31 L.P.R.A. §§ 1271-1285.

Articles 326-340 of the Civil Code of Puerto Rico, *supra*, govern properties owned in common ("comunidad de bienes"). In particular, Article 327 of the Civil Code provides that "[t]he share of the participants in the benefits as well as in the charges, shall be proportioned to their respective shares." 31 L.P.R.A. § 1272. In the case of an ordinary community created upon the termination of a conjugal partnership, each ex-spouse, now co-member, owns a 50% share of the community. See Article 1322 of the Civil Code, 31 L.P.R.A. § 3697 ("the net remainder of the partnership property shall be divided, share and share alike, between the husband and the wife, or their respective heirs"); Calvo Mangas v. Aragonés Jiménez, 15 P.R. Off. Trans. at 307, 115 D.P.R. at 228 ("the participation of the co-owners --ex-spouses-- is on a

share and share alike basis"); In re Pérez León, 2013 Bankr. LEXIS 3859 at \*\*19-20, 2013 WL 5232331 at \*7.

Therefore, the post-marital community property is currently subject to the jurisdiction of this court.

*(D)     Jurisdiction of the Puerto Rico Courts of First Instance*

Puerto Rico Courts of First Instance have jurisdiction to liquidate post-marital communities under Article 5.001 of the 2003 Puerto Rico Judiciary Act, 4 L.P.R.A. § 25(a). Notwithstanding, once one of the ex-spouses files for bankruptcy, Puerto Rico must stay such liquidation proceedings. See Campolite v. Anaya, 142 D.P.R. at 594; 11 U.S.C. § 362. In the instant case, the liquidation proceeding that was pending before the PR Court of First Instance and was automatically stayed upon the filing of the bankruptcy petition and the automatic stay. See Docket No. 117, p. 1, ¶ 2.

*(E)     Cause to Lift or Modify the Automatic Stay*

"The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code." Otero López v. Dep't of Treasury (In re Otero López), 492 B.R. 595, 601 (Bankr.D.P.R. 2013). It gives the debtor a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. Also see Rodríguez Ramos v. BPPR (In re Rodríguez Ramos), 493 B.R. 355, 362 (Bankr. D.P.R. 2013); In re Otero López, 492 B.R. at 601; ICC v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir. 1991); In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir. 1982). "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." ICC v. Holmes Transp., Inc., 931 F.2d at 977.

Section 362 of the Bankruptcy Code provides that upon filing for bankruptcy, a debtor is immediately protected by an automatic stay that prohibits, *inter alia,* the "continuation ... or other action or proceeding against the debtor that was or could have been commenced before the

-7-

[bankruptcy petition] or to recover a claim against the debtor that arose before the commencement of the case under this title" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case..." 11 U.S.C. §§ 362(a)(1) and (a)(6). "This respite enables debtors to resolve their debts in a more orderly fashion and at the same time safeguards their creditors by preventing different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997) (citations omitted).

In their *Joint Motion*, the Debtor and creditor Viscal Rodriguez seek a modification of the automatic stay for the continuation of the liquidation proceeding before the PR Court of First Instance. Both are parties in interest in the instant case and have standing to request such remedy. See Alan N. Resnick and Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.07[2] (16th ed. 2013); Torres Martínez v. Arce (In re Torres Martínez), 397 B.R. 158, 168 (B.A.P. 1st Cir. 2008) ("[a] party in interest is defined as one whose pecuniary interests are directly affected by the bankruptcy proceedings"); In re Rovira Ortiz, 2006 Bankr. LEXIS 3810, 2006 WL 3898381 (Bankr. D.P.R. 2006) (ruling that non-debtor former spouse was an interested party because his pecuniary interests were directly affected by the bankruptcy proceedings). Modifying the automatic stay in the instant case would permit the PR Court of First Instance to continue adjudicating the liquidation proceedings.

Because two creditors have objected to the modification of the automatic stay, the court must find cause to modify the automatic stay. See 11 U.S.C. § 362(d)(1). Although Section 362(d)(1) includes "lack of adequate protection of an interest in property" as a "cause" to modify the automatic stay, "there are other bases for a cause finding". Alan N. Resnick and Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.07[3] (16th ed. 2013). For instance, "relief [from the automatic stay] also may be granted when necessary to permit litigation to be concluded in another forum". Id. at ¶ 362.07[3][a]. The concept of "cause" is developed primarily by case law. See Goya Foods, Inc. v. Unanue-Casal (In re Unanue Casal), 159 B.R.

90, 96 (D.P.R. 1993), aff'd 23 F.3d 395 (1st Cir. 1994). In C&A, S.E. v. P.R. Solid Waste Magmt., 369 B.R. 87, 94-95 (D.P.R. 2007), the U.S. District Court for the District of Puerto Rico ("District Court") applied a 13-factor test to determine if cause exists to lift or modify the automatic stay under 11 U.S.C. § 362(d). "The party moving for the automatic stay to be lifted need not prove a plurality of these factors." C&A, S.E. v. P.R. Solid Waste Magmt., 369 B.R. at 95 (quotations omitted). "The Courts will generally rely in only a few factors … to determine that sufficient cause exist[s] to lift the stay." Id.

In C&A, S.E. v. P.R. Solid Waste Magmt., *supra,* the moving party sought to remove certain state claims from the Bankruptcy Court and have them heard at the PR Court of First Instance. Like this instant case, the parties in C&A, S.E. v. P.R. Solid Waste Magmt. had pending state court actions before the filing of the bankruptcy petition, which were automatically stayed under 11 U.S.C. § 362. To consider if there was "cause" to lift the automatic stay, the District Court used the following factors:

> (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; (12) the impact of the stay on the parties and (13) the balance of hurt. C&A, S.E. v. P.R. Solid Waste Magmt., 369 B.R. at 94-95, citing In re Unanue Casal, 159 B.R. at 95-96.

Creditor Viscal Rodriguez informed this court that "the [liquidation] proceeding in the state court ha[d] begun and [that] the Debtor and [her] had agreed to have CPA Juan Lorenzo Martinez make a report as to the division of the community property. It is estimated that this

-9-

report will take approximately three months to prepare and submit his recommendations" (Docket No. 131, p. 2, ¶ 6). No evidence or allegation to the contrary was presented by the opposing creditors.

The court finds that there is cause to modify the automatic stay under 11 U.S.C. § 362(d)(1). Following the analysis in C&A, S.E. v. P.R. Solid Waste Magmt., 369 B.R. at 94-95, this court weighs that the civil case before the PR Court of First Instance had been pending for almost an entire year prior to the filing of the bankruptcy petition and concludes that it "will result in partial … resolution of the issues", will not "prejudice the interest of other creditors and/or interest of the other interested parties"[3], and will promote "judicial economy and the expeditious and economical determination of litigation of the parties".

Conclusion

For the reasons stated above the *Joint Motion* (Docket 117) is granted in part and denied in part. The court hereby modifies the automatic stay for the PR Court of First Instance (Case No. KAC 2012-1222) to proceed adjudicating the property interests of the Debtor and his ex-wife Creditor Viscal Rodriguez in their post-marital community property. This court, however, retains exclusive jurisdiction over the distribution of such property.

SO ORDERED.

In San Juan, Puerto Rico, this 14th day of July, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[3] Although Ms. Biaggi alleged that allowing the automatic stay to be modified could cause her prejudice inasmuch it could lead to have "real properties [] transferred to debtor's former spouse for none or almost no consideration" (Docket No. 123, p. 4), the court finds that such allegation is speculative, unsupported and unfounded.

-10-