IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 13-06960 (ESL)

ANTONIO RIVERA GUZMAN                                    CHAPTER 11

D/B/A

AVIAN 7 SMALL ANIMAL HOSPITAL

        Debtor

OPINION AND ORDER

This case came before the court on May 30, 2018 for an evidentiary hearing to consider the motion to dismiss or convert filed by Dr. Sandra Viscal (Debtor's former spouse) and Ms. Natalia Rivera Viscal (Debtor's daughter), and debtor's opposition to the same. The parties filed a joint pretrial report on May 29, 2018 detailing their respective positions. The movants in the motion to dismiss allege that there is cause for dismissal for the following reasons: debtor's material default with his confirmed plan, 11 U.S.C. § 1112(b)(4)(N); failure to comply with an order of the court, 11 U.S.C. § 1112(b)(4)(E); and failure to pay domestic support obligation that first became payable after the order for relief, 11 U.S.C. § 1112(b)(4)(P). The debtor admits to being in default but alleges that the reason for the default has been the inability to sell community property to obtain funds to pay the debts of the "ex-conjugal" partnership with Dr. Sandra Viscal ("Dr. Viscal") and that the proposed second amended chapter 11 plan which provides for the payment of all claims in full, including the debts of the ex-conjugal partnership, and shows good faith on Debtor's part.

-1-

Jurisdiction

This court has jurisdiction over the instant contested matter pursuant to 28 U.S.C. § 1334(a) and § 157(b)(1). Venue is proper in this court pursuant to 28 U.S.C. § 1409(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Hearing Allegations

Debtor's counsel argued that Dr. Viscal lacked standing to move the court, that the expert witness report should be excluded as being in violation of Rule 26 of the Fed. R. Civ. P., that debtor has acted in good faith by proposing an amended chapter 11 plan that cures the admitted default, and that no other creditor, except the Domestic Support Obligation ("DSO") creditors have objected confirmation. Counsel for Dr. Viscal argued that she has standing based on state court resolutions regarding the DSO amounts owed, for having filed a proof of claim (Claim Number 11) and as holder of a community property interest being liquidated.

The court determined that Dr. Viscal has standing to file the motion to dismiss but not to prosecute post-petition DSO amounts owed to Ms. Natalia Rivera Viscal ("Ms. Rivera Viscal"), who is now of legal age, based on the fact that the confirmed plan proposes to pay in full claim number 11 filed by Dr. Viscal and that she may be adversely affected by the confirmed Chapter 11 plan and the proposed post confirmation modification as to her share of community property being liquidated in state court. The court also determined that the disclosure of expert testimony required by Rule 26(a)(2) of the Fed. R. Civ. P. did not apply to the instant contested matter pursuant to Rule 9014(c) of the Fed. R. Bankr. P.

Evidence Presented

The movants presented the expert testimony of Mr. Albert Tamárez and submitted exhibits A – H. The Debtor did not present any evidence and alleged that movants had failed to

-2-

establish cause for dismissal under section 1112(b)(4). The parties submitted the matter after the testimony of Mr. Tamárez.

Mr. Tamárez testified that he had reviewed all relevant documents filed in the case, including the chapter 11 plans, the monthly reports of operation, and the claims filed by Dr. Sandra Viscal and Ms. Natalia Rivera Viscal.

He identified Exhibit A as being a state court resolution dated November 27, 2013, which served as the basis for the amount in proof of claim number 11 filed by Dr. Viscal; and Exhibit B as a state court resolution dated April 1, 2014 which supports claim number 23 filed by Ms. Natalia Rivera Viscal. Exhibit C is a state court order directing ASUME to update DSO payment plan of $1,006.58 beginning November 1, 2015 as part of DSO obligation beginning January 1, 2015. The same supports claim number 23 filed by Ms. Rivera Viscal. Exhibit D is a state court order dated August 8, 2016 which declares that as of said date Dr. Antonio Rivera Guzmán, the Debtor, had not been released from his DSO obligation. Exhibit E is a minute entry of the hearing held on August 16, 2016, showing that the DSO arrears amounted to $10, 201.51, exclusive of college tuition, and that the same would be paid in four monthly installments. Mr. Tamárez testified that the monthly reports of operation filed did not show that the proffered payments in Exhibit E were made. Exhibit F is a minute entry from the state court proceedings dated October 20, 2016, stating that there was a payment plan agreement with Ms. Natalia Rivera Viscal and clarifying that accumulated child support payments were not waived. Exhibit G is a state court decision of March 12, 2018 which reaffirms that child support payments have not been waived, that the months of August, September and October 2016 were in arrears for $6,113.50 each, as well as payments on the arrears plan in the amount of $3,016. Exhibit G corroborates that there were arrears on DSO payments as of March 12, 2018.

Exhibit H is the expert witness' report. The same discusses the treatment of DSO claims 11 and 23, compares the treatment of the DSO claims with other classes of creditors, and discloses the payments made to professionals, to Debtor's sister, Ms. Zulma Rivera, and to the Debtor. The report also discloses balances owed for Stafford Loans corresponding to Ms. Natalia Rivera's student loans.

Counsel for the moving creditors asked Mr. Tamárez whether chapter 11 or chapter 7 liquidation was in the best interest of debtor and the estate. His response was that the best option was liquidation of the community property in state court.

<u>Uncontested Facts in the Joint Pretrial Report</u>

The joint pretrial report filed by the parties provides an excellent basis for the court to determine the relevant facts to the contested matter before the court, that is, whether the case should be dismissed or converted to Chapter 7. The court also notes that the parties agree on the applicable law interpreting section 1112 of the Bankruptcy Code, which governs the dismissal or conversion of a Chapter 11 petition.

Debtor and Dr. Sandra Viscal are former spouses and are the parents of Ms. Natalia Rivera Viscal and Mr. Antonio Rivera Viscal. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 27, 2013.

On November 27, 2013, the Puerto Rico Court of First Instance, Bayamon Court, entered an order setting the outstanding debt on Domestic Support Obligations at $135,000.00, up to August 31, 2013 (the "TPI Order of November 23, 2013"), in which the amount of $65,197.35 is for retroactive balance owed and the remaining amount of $69,802.65 are for education expenses or extraordinary expenses which the Debtor had the obligation to pay, but that Dr. Viscal had paid. The TPI Order of November 23, 2013 provided that these debts,

amounting to $135,000.00, would be paid through the bankruptcy court. See Rivera v. Viscal, Civil Num. KDI 2011-0592, Resolution dated November 23, 2013.

Dr. Viscal filed a priority Domestic Support Obligation ("DSO") Proof of Claim in the amount of $135,000.00 on December 2, 2013. Proof of Claim number 11.

On April 1, 2014, the Puerto Rico Court of First Instance, Bayamon Court, entered an order resolving that the Debtor had capacity to pay his Domestic Support Obligations (the "TPI Order of April 1, 2014"). See Rivera v. Viscal, Civil Num. KDI 2011-0592, Resolution dated April 1, 2014. The TPI Order of April 1, 2014 established that Ms. Rivera Viscal was authorized to commence studies at Emory University, with estimated yearly cost of $50,200.00, of which Debtor would pay, as part of the support obligation: $6,000.00 annually of the student loans of NRV, in addition to all of Ms. Rivera Viscal's college expenses, such as tuition, enrollment, fees, expenses, housing, meals, books, materials, trips, and any other college related expense.

On June 3, 2014, the bankruptcy court issued an order stating that, upon Debtor's failure to comply with full payment of post-petition Domestic Support Obligation in arrears, and unless the arrears were paid in full within three (3) days, the case may be dismissed pursuant to 11 U.S.C. §1112(b)(4)(P).

The Debtor filed a Disclosure Statement and his initial Plan of Reorganization on June 6, 2014. The Disclosure Statement was approved on August 7, 2014. The Debtor's Plan of Reorganization was confirmed on September 2, 2014. The Confirmed Plan recognized a prepetition priority Domestic Support Obligation to Dr. Viscal. The Confirmed Plan provided that the priority Domestic Support Obligations owed to Dr. Viscal, in the amount of $135,000.00, would be paid in full on or before August 1, 2015, and that the funds would come from Debtor's share of the proceeds of the sale of real properties. It is uncontested that Dr.

Viscal's has not received payment of her priority Domestic Support Obligation Claim of $135,000.00.

On November 18, 2015, the Puerto Rico Court of First Instance, Bayamon Part, entered an order establishing a plan payment of $1,005.58, to commence on November 1, 2015, for the Debtor to become current with his Domestic Support Obligation in arrears (the "TPI Order of November 18, 2015"). See Rivera v. Viscal, Civil Num. KDI 2011-0592, Order dated November 18, 2015. The Debtor's Domestic Support Obligation was fixed at $6,113.50 by the TPI Order of November 18, 2015, to commence from January 1, 2015.

On August 8, 2016, the Puerto Rico Court of First Instance, Bayamon Part, entered an order clarifying that Debtor had not been relieved from his obligation to pay Domestic Support Obligation, including the college tuition and expenses (the "TPI Order of August 8, 2016"). See Rivera v. Viscal, Civil Num. KDI 2011-0592. The order mandated the Debtor to continue with the payment of Domestic Support Obligations, including the college tuition and expenses, until otherwise ordered by the court.

The Minutes of the hearing held on March 1, 2016 (Docket No. 477) reflect that the Debtor and Dr. Viscal had reached an agreement on all pending issues. The parties were granted sixty (60) days to file a Settlement Agreement. The basic terms were summarized for the record. The Settlement Agreement was never filed.

On August 16, 2016, this bankruptcy court found that Debtor had accumulated post-petition Domestic Support Obligation arrears of $10,201.51, exclusive of college tuition (the "August 16, 2016 Order"). The court ordered the Debtor to pay the amount of $10,201.51 of the post-petition Domestic Support Obligation in arrears within four (4) months. The record shows that neither Dr. Viscal nor Ms. Rivera Viscal received payment of the $10,201.51 in DSO arrears. The Debtor admits that these arrears have not been paid.

On October 20, 2016, the Puerto Rico Court of First Instance, Bayamon Part, entered an order finding that the outstanding college expenses owed at that time amounted to $14,494.05 (the "TPI Order of October 20, 2016"). The order incorporated the agreements reached by Debtor and Dr. Viscal, and which were effective from November 1, 2016. The Debtor recognized his Domestic Support Obligation, including payment of full college tuition, enrollment, fees, meals, expenses, and any other expense upon showing receipt. The Debtor agreed to deposit a $150 monthly payment to Ms. Rivera Viscal, on or before the 5th day of every month. Ms. Rivera Viscal did not waive her right to the retroactive amounts owed to her, corresponding to the Domestic Support Obligation, nor to the Domestic Support Obligation in arrears, which at the time corresponded to the months of August, September and October 2016.

The Debtor filed a post confirmation modification titled Second Amended Plan on January 3, 2018 ("PCM"). The PCM recognizes a Retroactive Priority Domestic Support Obligations owed to the Debtor's adult children, as determined by the local court, in the amount of $135,000.00. The proposed PCM does not provide for payment of the retroactive Priority Domestic Support Obligations owed to Dr. Viscal. The proposed PCM does not provide for the priority post-petition Domestic Support Obligations owed to Ms. Rivera-Viscal. The PCM provides that the Effective Date of the Plan "shall mean thirty (30) days after the Order of Confirmation of the Plan becomes a final order and shall be the date on which all initial cash payments required by the Second Amended Plan shall be made". The PCM provides for the distribution of the retroactive Priority Domestic Support Obligations owed to the Debtor's adult children in the amount of $135,000.00, to be paid in full in the third year of the Debtor's PCM. The Debtor does not propose to distribute any funds to Dr. Viscal in the PCM.

Dr. Viscal filed an Amended Proof of Claim on May 2, 2018 ("POC 11-2"). Attached to the Proof of Claim is the November 13, 2013 Resolution by the Puerto Rico court. The Debtor

filed an objection to the Amended Proof of Claim on May 7, 2018. Dr. Viscal filed an opposition on June 11, 2018.

Ms. Rivera Viscal filed a Proof of Claim on May 7, 2018 ("POC 23") with evidence that Debtor owes at least $38,368.43 in post-petition DSOs.

On May 7, 2018, Dr. Viscal and Ms. Rivera Viscal filed their Motion to Dismiss. On May 8, 2018, the Court held a hearing on confirmation of the Debtor's PCM. At such hearing, the Court held confirmation in abeyance "pending a decision on debtor's objection to claim #11, the joint motion to dismiss (#721), and validity of claim #23."

The Court scheduled a hearing to consider the Joint Motion to Dismiss and Opposition for May 30, 2018 and requested that the Parties meet and file this Joint Pre-Trial Report three (3) days prior to the hearing.

On May 22, 2018, the Debtor filed an Objection to Claim 23. On May 22, 2018, the Debtor filed a Response to the Motion to Dismiss. On May 28, 2018, NVR filed an amended Proof of Claim number 23 correcting the year where she reached majority of age and submitting translated exhibits in support thereof.

Applicable Law

Section 1112(b) of the Bankruptcy Code establishes that upon request of a party in interest and after notice and a hearing, the court shall convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause and the case is devoid of unusual circumstances to excuse the cause for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(2). The initial burden is on the movant to argue and present evidence by a preponderance of the evidence standard to prove its position that there is cause for either conversion or dismissal of the chapter 11 case, whichever is in the best interests of

creditors and the estate. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.04[4] (16th ed. 2012).

Once "cause" is established, the burden shifts to the debtor to demonstrate that there are "unusual circumstances" which show that dismissal or conversion to Chapter 7 is not in the best interests of the estate and the creditors. The bankruptcy court has broad discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), 2008 Bankr. Lexis 3968 (1st Cir. B.A.P. 2008). If the Chapter 11 case is devoid of "unusual circumstances", then the bankruptcy court must apply the Section 1112(b)(2). If cause is established and unusual circumstances are not found by the court, section 1112(b)(1) requires dismissal of the case. See Gilroy; and AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.), 360 B.R. 398, 401 (Bankr. D. N.H. 2007).

Section 1112(b)(4) includes a non-exhaustive list of items that constitute "cause". The term "cause" is outlined in section 1112(b)(4) to include, in pertinent part:

> (N) material default by the debtor with respect to a confirmed plan;
> …
> (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

"[T]he statute does not appear to provide unfettered discretion in determining whether cause exists. If one of the enumerated examples of cause set forth in section 1112(b)(4) is proven by the movant … the court must find that movant has established cause." See Alan N. Resnick & Henry J. Sommer ,7 Collier on Bankruptcy ¶ 1112.04 [4] (16th ed. 2018). One ground is sufficient to establish cause under the statute. In re Andover Covered Bridge, LLC, 553 B.R. 162, 172 (1st Cir. BAP 2016).

A default with respect to a plan may occur at any time after confirmation and at any time before or after substantial consummation. If the default is material, cause will exist under section 1112(b), and the court may convert or dismiss the case. 11 U.S.C. § 1112(b)(4)(N). A default may occur after the plan becomes effective and after substantial consummation. See Greenfield Drive Storage Park v. California Para-Professional Services, Inc. (In re Greenfield Drive Storage Park), 207 B.R. 913, 916-17 (B.A.P. 9th Cir. 1997); In re Potts, 188 B.R. 575, 581 (Bankr. N.D. Ind. 1995) (default after substantial consummation); In re Jankins, 184 B.R. 488, 494 (Bankr. E.D. Va. 1995); In re T.S. Note Co., 140 B.R. 812, 813–14 (Bankr. D. Kan. 1992). "Although the Code does not define the term material, certainly the failure to make payments when due under the plan would constitute a material default." See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.04[6] (16th ed. 2018). A debtor's failure to make payments to creditors in contravention of a plan amounts to a material default and constitutes cause to convert or dismiss a bankruptcy case under § 1112(b)(1) and 1112(b)(4)(N). See, Kenny G. Enters., LLC v. Casey (In re Kenny G. Enters.), No. BAP CC-13-1527, 2014 Bankr. LEXIS 3529, 2014 WL 4100429, at *14 (9th BAP Cir. Aug. 20, 2014) (noting that failure to pay creditors as required by a confirmed plan is a material default and cause for conversion or dismissal of a debtor's case) (citing, AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.), 213 F.3d 917, 921 (6th Cir.2000)); see also, State of Ohio, Dept. of Taxation v. H.R.P. Auto Center, Inc (In re H.R.P. Auto Center, Inc.), 130 B.R. 247, 256 (Bankr. N.D. Ohio 1991) (holding three missed payments to a single creditor over the course of a year was a material default of a confirmed chapter 11 plan).

The Confirmed Plan provided for an effective date after confirmation to allow for the satisfaction of certain conditions precedent before the terms of the plan become operative. The Confirmed Plan provided that the priority Domestic Support Obligations owed to Dr. Viscal, in

the amount of $135,000.00, would be paid in full on or before August 1, 2015, the funds for which would come from Debtor's share of the proceeds of the sale of real properties. Dr. Viscal's DSO Priority Proof of Claim in the amount of $135,000.00, included in Proof of Claim number 11 was not paid as provided in the Confirmed Plan and remains unpaid. Upon Debtor's failure to comply with the distribution of the priority Domestic Support Obligations owed to Dr. Viscal, a "material default … with respect to a confirmed plan" exists and the court must dismiss the case under section 1112(b)(4(N).

Section 1112(b)(4)(P) specifically establishes that cause to dismiss or convert a chapter 11 case includes "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." 11 U.S.C. §1112(b)(4)(P). "This additional enumerated cause is consistent with other provisions that strengthen the rights of a creditor to whom is owed a domestic support obligation. Domestic support obligations are non-dischargeable under sections 1141(d) and 523(a). If the debtor fails to pay domestic support obligations that mature after the petition date, cause will exist for dismissal or conversion to chapter 7. The term 'domestic support obligation'is defined in Section 101(14A)." See Alan N. Resnick & Henry J. Sommer, 7 <u>Collier on Bankruptcy</u>, ¶ 1112.04 [6][p] (16th Ed. 2018).

For an obligation to a former spouse to be considered a domestic support obligation, it must actually be in the nature of support, meaning that what is given must be to provide for the upkeep of the recipient spouse and children. <u>See</u> <u>In re Melendez Perez</u>, No. 12-03808(ESL), 2014 Bankr. LEXIS 3069, at *13 (Bankr. D.P.R. July 16, 2014); <u>Smith v. Pritchett (In re Smith)</u>, 586 F. 3d 69, 73-74 (1st Cir. 2009); <u>Werthen v. Werthen (In re Werthen)</u>, 329 F. 3d 269, 273 (1st Cir. 2003). The issue of whether certain types of obligations qualify as support or as part of a property settlement within the meaning of the Bankruptcy Code is one within the province of federal bankruptcy law, not of state law. <u>In re Melendez Perez</u> at 14; <u>In re Smith</u> at 73.

The critical issue in determining whether a claim is in the nature of support is whether the state court which entered the divorce decree and the parties who entered into a divorce agreement intended the award to serve as support or as 'something else' such as a division of jointly owned property. In re Melendez Perez, p. 15-16; Smith v. Pritchett (In re Smith), 398 B.R. 715, 721 (B.A.P. 1st Cir. 2008), aff'd, 586 F. 3d 69 (1st Cir. 2009); Cowell v. Hale (In re Hale), 289 B.R. 788, 791 (B.A.P. 1st Cir. 2003); Soforenko v. Soforenko (In re Soforenko), 203 B.R. 853, 859 (Bankr. D. Mass. 1997) ("Whether a debt constitutes support or a property settlement is determined by the intent either of the parties at the time of the settlement agreement, or in the absence of an agreement, by the intent of the state court at the time the order was issued"). In re Yeates, 807 F. 2d 874, 878 (10th Cir. 1986) ("Rather, the initial inquiry must be to ascertain the intention of the parties at the time they entered the stipulation or property settlement agreement"). "A written agreement between the parties is persuasive evidence of intent." In re Melendez Perez at 16; citing In re Yeates at 878. If the agreement between the parties clearly shows that the parties intended the debt to reflect either support or a property settlement, then that characterization will normally control. In the case of a written agreement, it must also be considered whether the parties in the agreement bilaterally intended the obligations in controversy to constitute support. Id citing See In re Hale, 289 B.R. at 791, fn. 4 ("The §523(a)(5) inquiry goes to whether the parties to the agreement establishing the obligation in question bilaterally intended it to function as support (or whether the court imposing judgment did)").

In this case, it is undisputed that Dr. Viscal and Ms. Rivera-Viscal are the holders of pre and post-petition priority claims for a Domestic Support Obligation. Debtor has admitted to being [and continues to be] in arrears with his pre and post-petition arrears with his Domestic

-12-

Support Obligation. Moreover, the Debtor has not challenged that the amounts owed to Dr. Viscal and Ms. Rivera Viscal are in the nature of support.

The statutory standard to establish "cause" pursuant to 11 U.S.C. §1112(b)(4)(P) is Debtor's failure to pay any domestic support obligation. Therefore, in interpreting the plain language of Section 1112(b)(4)(P), the court finds that movants have met their burden to prove that there is cause for dismissal of the case at bar based on Debtor's continuously unexcused failure to comply with his pre and post-petition Domestic Support Obligation payments.

Discussion

The TPI Order of November 23, 2013 provided that the pre-petition debt amounting to $135,000.00, would be paid through the bankruptcy proceeding. Dr. Viscal's DSO Priority Proof of Claim number 11 in the amount of $135,000.00 was not paid as provided for in the Confirmed Plan and remains unpaid. The amounts owed are also recognized in Debtor's PCM. The undisputed facts show that the Debtor has failed to pay the DSO Priority Claim pursuant to the terms and conditions of the confirmed plan. Such failure constitutes cause to dismiss the case upon Debtor's material default pursuant to 11 USC 1112 (b)(4)(N).

The Debtor is also in arrears with the post-petition priority Domestic Support Obligations owed to Ms. Rivera-Viscal in the amount of $21,357.24 for the months of August, September and October 2016 ($7,119.08 each month). The Debtor is also in arrears with the post-petition priority Domestic Support Obligations owed to Ms. Rivera-Viscal in the amount of $6,809.69, with regards to outstanding payment of college tuition, enrollment, fees, meals, and college expenses. Consequently, the Debtor has incurred in arrears of post-petition Domestic Support Obligations.

The Debtor has been in bankruptcy for approximately five (5) years and has incurred in arrears after the filing of the petition. The Debtor does not dispute that such arrears exist. Therefore, there is cause to dismiss the case pursuant to 11 U.S.C. §1112 (b)(4)(P).

Although the moving creditors discharged their initial burden to show cause for dismissal, the Debtor failed to present any evidence to establish that dismissal or conversion to Chapter 7 is not in the best interests of the estate and the creditors. After considering the travel of the case, characterized by the continuous litigation by the Debtor and the DSO claimants, and the ongoing proceedings before the Puerto Rico courts regarding the division of community property, the court concludes that dismissal, and not conversion to Chapter 7 is in the best interests of the estate and creditors.

Conclusion

In view of the foregoing, the case is hereby dismissed pursuant to 11 U.S.C. § 1112(b) (4) (N, P).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of June 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

-14-